UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CHICAGO
EASTERN DIVISION

| | | |
|---|---|---|
| LEGAL AID CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-4809 |
| | ) | |
| HUNTER PROPERTIES, INC. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's September 15, 2023 order (Dkt. 21), Plaintiff Legal Aid Chicago ("Plaintiff") and Defendant Hunter Properties, Inc. ("Defendant"; and together with Plaintiff, the "Parties") hereby submit this Joint Initial Status Report.

1. **Basis for Jurisdiction:** It is Plaintiff's position that this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343(a)(3), 2201, and 2202, and 42 U.S.C. § 3613(a), and this Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367. It is Defendant's position that Plaintiff cannot establish that this Court has subject matter jurisdiction, as governed by Article III of the United States Constitution, over this matter because its alleged injuries are not redressable by this lawsuit and were not proximately caused by Defendant.

2. **Summary of Claims:** Plaintiff alleges Defendant engages in racial discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, through its stated policy of rejecting all applicants with any prior eviction cases (*i.e.*, "No-Evictions Policy").[1] The FHA prohibits discrimination in rental housing on the basis of race including by

---

[1] Plaintiff uses the term "No-Evictions Policy" herein to encompass the policies and practices of Hunter that allegedly categorically reject prospective tenants with any connection to a past eviction, including, for example, those who: (1) respond affirmatively to an application question about prior eviction (without the landlord defining what counts as "eviction" or providing an opportunity to explain the circumstances of the "eviction"); (2) are identified by a tenant screening service as having a prior eviction case or filing (even where that report is based on erroneous information, out-of-date records

1

refusing to rent, refusing to negotiate for the rental of property, or otherwise making unavailable or denying a dwelling to a person because of race. The Complaint alleges Defendant makes unavailable rental dwellings because it refuses to receive or process applications for the rental of dwelling units, and deters would-be applicants, by stating its policy of categorically refusing applicants with any prior eviction cases. Plaintiff claims this policy has an unjustified disparate impact on Black renters, who are significantly more likely to have been sued in an eviction case than other renters in the pool of potential applicants to Defendant's rental properties.

Similarly, Plaintiff alleges Defendant engages in Race and Sex discrimination in violation of the FHA through its No-Evictions Policy. Plaintiff claims this policy has an unjustified disparate impact on Black women, who are significantly more likely to have been sued in an eviction case than other renters in the pool of potential applicants to Defendant's rental properties. With this policy, Defendant allegedly disproportionately makes unavailable and denies housing opportunities to Black women in Cook County in violation of the FHA.

Finally, Plaintiff alleges Defendant engages in unfair residential leasing practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. The Complaint claims that Defendant's alleged policy of disqualifying all prospective tenants with any prior eviction, and its allegedly broad and far-reaching methods of implementing that policy, is an unfair business practice because the practice offends public policy, is immoral, unethical, oppressive, and/or unscrupulous, and injures consumers.

Defendant denies that it maintains a so-called "No Evictions Policy." Plaintiff claims that Defendant is one of many landlords across the country that uses allegedly discriminatory policies related to eviction screening. In Defendant's brief in support of its motion to dismiss

---

that should no longer be transmitted pursuant to federal law, or records that a court ordered to be sealed); or (3) are identified by other similar practices (*e.g.*, contacting prior landlords) as having a connection to a past eviction.

and supporting affidavit, Defendant has further asserted that, following the filing of this lawsuit, Defendant revised its online rental application terms and conditions to more accurately reflect Defendant's prospective tenant screening process. Defendant further asserts that it affords prospective tenants the opportunity to explain negative information. Defendant argues in its motion to dismiss papers that the Complaint does not identify any actions taken in direct response to Defendant's specific policies or actions. Defendant argues in its brief in support of its motion to dismiss that Plaintiff's alleged injuries are too far removed from Defendant's prospective tenant screening process to satisfy the proximate cause requirement and any attempt to calculate damages in this case would be far too speculative and administratively difficult.

3. **Relief Sought:** Plaintiff seeks the following:

a. A declaration that Defendant's categorical No-Evictions Policy is an unlawful violation of Section 3604(a) of the Fair Housing Act;

b. A declaration that Defendant's categorical No-Evictions Policy constitutes a violation of Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act;

c. An order permanently enjoining Defendant from continuing its No-Evictions Policy;

d. An award to Plaintiff of all compensatory or punitive damages to which it may be entitled, as well as the costs of suit, including reasonable attorney fees; and

e. An award of any additional relief that the Court may deem just and appropriate.

f. Plaintiff states that its compensatory damages stemming from significant resources devoted to identifying and counteracting Hunter's discriminatory practices include, but are not limited to, the following: the costs of investigating Defendant's No-Evictions policy and the effects of that policy; the costs of Plaintiff's efforts to assist

3

clients in sealing their eviction records; the cost of Plaintiff's efforts to train tenants, attorneys, other advocates, and landlords about the impact of eviction records and Defendant's No-Evictions Policy; and the costs of Plaintiff's efforts to help clients secure housing with history of eviction.

4. **Status of Pending Motions:** On October 16, 2023, Defendant filed a motion to dismiss under Rule 12(b)(1) or, alternatively, Rule 12(b)(6). The Parties have agreed, and hereby propose, that Plaintiff's response brief be due on November 21, 2023, and that Defendant's reply brief, if any, be due on December 21, 2023. No other motions are pending.

5. **Proposed Discovery Cut-Off:** The Parties have not conducted discovery to date and agree that discovery should be stayed during the pendency of Defendant's motion to dismiss. The Parties propose that fact discovery be set to close 210 days following the Court's ruling on the pending motion to dismiss and anticipate that they will be available for trial in August 2025 at the earliest.

6. **E-Discovery:** The Parties anticipate that discovery will include electronically stored information and agree to service by electronic means. The Parties intend to negotiate in good faith regarding an Agreed Order Regarding Electronically Stored Information.

7. **Discovery Plan:** The Parties have not conducted discovery to date. The Parties anticipate that discovery will include written discovery, document productions, depositions pursuant to Federal Rules of Civil Procedure 30(b)(1) and 30(b)(6), and expert discovery.

8. **Jury Demand:** Plaintiff has made a jury demand.

9. **Status of Settlement Discussions:** The Parties discussed the possibility of settlement after Plaintiff filed the complaint and before Defendant filed its motion to dismiss. Defendant believes that a settlement conference would be beneficial. Plaintiff agrees that a settlement conference may be beneficial as the litigation progresses, but not at this time.

Dated: October 25, 2023

By: */s/ Brian J. Massengill*
Brian J. Massengill
Megan E. Stride
Julia M. Petsche (admission forthcoming)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-783-0600
bmassengill@mayerbrown.com
mstride@mayerbrown.com
jpetsche@mayerbrown.com

Eric Dunn (admission forthcoming)
Katherine E. Walz
National Housing Law Project
1663 Mission St., Suite 460
San Francisco, CA 94103
Tel: 415-546-7000
edunn@nhlp.org
kwalz@nhlp.org

Ameri R. Klafeta
Emily Werth
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Tel: 312-201-9740
aklafeta@aclu-il.org
ewerth@aclu-il.org

Linda S. Morris (admission forthcoming)
Jennesa Calvo-Friedman (admission forthcoming)
American Civil Liberties Union
Women's Rights Project
125 Broad St. 18th Fl.
New York, NY 10004
Tel: 212-549-2500
LindaM1@aclu.org
jcalvo-friedman@aclu.org

*Counsel for Plaintiff Legal Aid Chicago*

By: */s/ John S. Letchinger*

John S. Letchinger
Maria A. Boelen
Katharine H. Walton
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: 312.416.6200
Facsimile: 312.416.6201
jletchinger@bakerlaw.com
mboelen@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for Defendant Hunter Properties, Inc.*