**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEGAL AID CHICAGO,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PROPERTIES, INC.<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>Case No. 1:23-cv-4809<br><br>Judge Steven C. Seeger |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATION BY FIVE PAGES ON FORTHCOMING RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Legal Aid Chicago respectfully moves for leave to file a response to Defendant's motion to dismiss five pages longer than the default 15-page limit. Defendant, Hunter Properties, InC. ("Hunter") does not oppose this motion for leave to exceed the page limit. In support of this motion, Legal Aid Chicago states:

1. On October 16, 2023, Hunter filed a motion to dismiss and an accompanying memorandum in support of its motion to dismiss (Dkts. 25, 26).

2. Under Local Rule 7.1, the default page limit for a brief in support of a motion is 15 pages.

3. Hunter's memorandum in support of its motion to dismiss is exactly 15 pages.

4. Legal Aid Chicago's complaint contains three separate counts, including two counts under 42 U.S.C. § 3604, the Fair Housing Act ("FHA"), and one count under 815 ILCS 505/2, the Illinois Consumer Fraud Act ("ICFA").

5. Hunter's memorandum in support of its motion to dismiss challenges Article III standing and statutory standing for both of Legal Aid Chicago's FHA claims. Hunter also argues

that Legal Aid Chicago has not plausibly pled its FHA claims. In addition, Hunter challenges Legal Aid Chicago's statutory standing under ICFA and argues that Legal Aid Chicago has not pled a plausible ICFA claim.

6. Resolution of Defendant's motion to dismiss requires examining several statutory requirements in addition to a substantial number of cases resolving similar disputes.

7. An additional five pages beyond the default page limit would permit Legal Aid Chicago to provide this Court with the background information, legal authority, and analysis required to adequately respond to Defendant's assertions in its motion to dismiss.

WHEREFORE, Legal Aid Chicago respectfully requests leave to file a 20-page response to Defendant's motion to dismiss.

Dated: November 17, 2023

By: *_/s/ Brian J. Massengill_*
Brian J. Massengill
Megan E. Stride
Julia M. Petsche (admission forthcoming)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-783-0600
bmassengill@mayerbrown.com
mstride@mayerbrown.com
jpetsche@mayerbrown.com

Eric Dunn (admission forthcoming)
Katherine E. Walz
National Housing Law Project
1663 Mission St., Suite 460
San Francisco, CA 94103
Tel: 415-546-7000
edunn@nhlp.org
kwalz@nhlp.org

Ameri R. Klafeta
Emily Werth
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Tel: 312-201-9740
aklafeta@aclu-il.org
ewerth@aclu-il.org

Linda S. Morris (admission forthcoming)
Jennesa Calvo-Friedman (admission forthcoming)
American Civil Liberties Union
Women's Rights Project
125 Broad St. 18th Fl.
New York, NY 10004
Tel: 212-549-2500
LindaM1@aclu.org
jcalvo-friedman@aclu.org

*Counsel for Plaintiff Legal Aid Chicago*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on November 17, 2023.

*/s/ Brian J. Massengill*
Brian J. Massengill