## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LEGAL AID CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-4809 |
| | ) | |
| v. | ) | |
| | ) | |
| HUNTER PROPERTIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### LEGAL AID CHICAGO'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Plaintiff Legal Aid Chicago respectfully requests leave to submit the U.S. Department of Housing and Urban Development's ("HUD") Guidance on Application of the Fair Housing Act to the Screening of Applicants for Rental Housing (the "Guidance") as supplemental authority in support of its opposition to Defendant Hunter Properties, Inc.'s ("Hunter") pending motion to dismiss (ECF No. 25). HUD released the Guidance on April 29, 2024, after completion of the briefing on Hunter's motion. The Guidance is attached to this motion as Exhibit A. In support of its motion, Legal Aid Chicago states:

1. On July 25, 2023, Legal Aid Chicago filed a complaint alleging that Hunter's policy of categorically rejecting all applications from prospective tenants with any connection to a past eviction proceeding ("No-Evictions Policy") violates, among other things, the Fair Housing Act ("FHA") because it discriminates on the basis of race and of race and sex together. ECF No. 1 at ¶¶ 72-79.

2. Hunter moved to dismiss the complaint, arguing among other things that Legal Aid Chicago had not plausibly alleged discrimination in violation of the FHA. ECF No. 26 at 10-11.

1

Legal Aid Chicago responded, arguing that Hunter's No-Evictions Policy has caused a significant disparate impact based on race and on race and sex together. ECF No. 34 at 11-16.

3. The recently issued Guidance discusses at length whether, and under what circumstances, the use of prior eviction records as part of a tenant screening process is permissible under the FHA. Ex. A at 11-14, 19-21. The Guidance notes that the use of prior eviction records in the screening process has a disparate impact on Black renters, especially Black women renters. *Id*. at 19-20. Because of these disparities, the Guidance states that "overbroad screenings for eviction history may have an unjustified discriminatory effect" and "housing providers should not rely upon eviction records that are old, incomplete, irrelevant, or where a better measure of an applicant's behavior is applicable." *Id*. at 11, 20. The Guidance is entitled to deference and has persuasive force, given HUD's "specialized experience" and "the value of uniformity in its administrative and judicial understandings of what a national law requires." *United States v. Mead Corp*., 533 U.S. 218, 226-28, 234-35 (2001) (internal quotation marks omitted).

4. Therefore, the Guidance is relevant to Legal Aid Chicago's argument that it has plausibly alleged Hunter's No-Evictions Policy is unlawful under the FHA, and consideration of the Guidance will assist the Court's resolution of Hunter's motion to dismiss.

WHEREFORE, Legal Aid Chicago respectfully requests leave to submit the Guidance as supplemental authority for the Court's consideration in deciding Hunter's pending motion to dismiss.

Dated May 17, 2024

By: */s/ Brian J. Massengill*
Brian J. Massengill
Megan E. Stride
Amber Masha
Julia M. Petsche
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-783-0600
bmassengill@mayerbrown.com
mstride@mayerbrown.com
amasha@mayerbrown.com
jpetsche@mayerbrown.com

Eric Dunn
Katherine E. Walz
National Housing Law Project
1663 Mission St., Suite 460
San Francisco, CA 94103
Tel: 415-546-7000
edunn@nhlp.org
kwalz@nhlp.org

Ameri R. Klafeta
Emily Werth
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Tel: 312-201-9740
aklafeta@aclu-il.org
ewerth@aclu-il.org

Linda S. Morris
Jennesa Calvo-Friedman
American Civil Liberties Union
Women's Rights Project
125 Broad St. 18th Fl.
New York, NY 10004
Tel: 212-549-2500
LindaM1@aclu.org
jcalvo-friedman@aclu.org

*Counsel for Plaintiff Legal Aid Chicago*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on May 17, 2024.

*/s/ Brian J. Massengill*<br>Brian J. Massengill