UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEGAL AID CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-4809 |
| | ) | |
| v. | ) | |
| | ) | |
| HUNTER PROPERTIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LEGAL AID CHICAGO'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiff Legal Aid Chicago respectfully requests leave to submit the June 3, 2024 Order of the U.S. District Court for the Middle District of Florida in *Byrd v. JWB Property Management*, No. 3:23-cv-266-WWB-JBT (M.D. Fla. June 3, 2024) (the "Order") as supplemental authority in support of its opposition to Defendant Hunter Properties, Inc.'s ("Hunter") pending motion to dismiss (ECF No. 25). The Order is attached to this motion as Exhibit A. In support of its motion, Legal Aid Chicago states:

1. On July 25, 2023, Legal Aid Chicago filed a complaint alleging that Hunter's policy of categorically rejecting all applications from prospective tenants with any connection to a past eviction proceeding ("No-Evictions Policy") violates, among other things, the Fair Housing Act ("FHA") because it discriminates on the basis of race and of race and sex together. ECF No. 1 at ¶¶ 72-79.

2. Hunter moved to dismiss the complaint, arguing among other things, that Legal Aid Chicago had not plausibly alleged discrimination in violation of the FHA. ECF No. 26 at 10-11.

1

Legal Aid Chicago responded, arguing that Hunter's No-Evictions Policy has caused a significant disparate impact based on race and on race and sex together. ECF No. 34 at 11-16.

3. In *Byrd*, the court rejected a motion to dismiss in a case where the plaintiffs claim that a No-Eviction Policy similar to Hunter's violates the FHA because of a disparate impact on Black renters. The court found that the plaintiffs sufficiently alleged a discriminatory effect and a causal connection between the defendant's No-Evictions Policy and a reduction in housing opportunities for Black renters. Order at 6-8.

4. The court's decision in *Byrd* is relevant to this Court's consideration of whether Legal Aid Chicago has plausibly stated disparate impact claims under the FHA.

5. Accordingly, consideration of the Order will assist the Court's resolution of Hunter's motion to dismiss.

WHEREFORE, Legal Aid Chicago respectfully requests leave to submit the Order as supplemental authority for the Court's consideration in deciding Hunter's pending motion to dismiss.

Dated: June 7, 2024

By: */s/ Brian J. Massengill*
Brian J. Massengill
Megan E. Stride
Amber B. Masha
Julia M. Petsche
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-783-0600
bmassengill@mayerbrown.com
mstride@mayerbrown.com
amasha@mayerbrown.com
jpetsche@mayerbrown.com

Eric Dunn
Katherine E. Walz
National Housing Law Project
1663 Mission St., Suite 460
San Francisco, CA 94103
Tel: 415-546-7000
edunn@nhlp.org
kwalz@nhlp.org

Ameri R. Klafeta
Emily Werth
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
Tel: 312-201-9740
aklafeta@aclu-il.org
ewerth@aclu-il.org

Linda S. Morris
Jennesa Calvo-Friedman
American Civil Liberties Union
Women's Rights Project
125 Broad St. 18th Fl.
New York, NY 10004
Tel: 212-549-2500
LindaM1@aclu.org
jcalvo-friedman@aclu.org

*Counsel for Plaintiff Legal Aid Chicago*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on June 7, 2024.

*/s/ Brian J. Massengill*
Brian J. Massengill
